FILED

JUN 29 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

FILED
Jun 29, 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: ) | BAP No. EC-15-1139 |
| ZOYA KOSOVSKA; ) | Bk. No. 14-25893-A-11 |
| Debtor. ) | Adv. No. 14-02271-A |
| ) | District No. 2:15-mc-0073 TLN EFB (PS)(BK) |
| ZOYA KOSOVSKA; LILIYA WALSH, ) | |
| Appellants, ) | |
| v. ) | **ORDER TRANSFERRING IFP MOTION** |
| MAX DEFAULT SERVICES CORP; FEDERAL NATIONAL MORTGAGE ASSOCIATION; SETERUS, INC., ) | |
| Appellees. ) | |

Before: PAPPAS and TAYLOR, Bankruptcy Judges.

Appellants filed a motion for leave to proceed in forma pauperis with respect to this appeal ("IFP Motion"). A notice was issued by the BAP Clerk, giving the bankruptcy court the opportunity to make a certification under 28 U.S.C. § 1915(a)(3) regarding whether the appeal is frivolous. No certification was made by the trial court.

Under the holding of <u>Perroton v. Gray (In re Perroton)</u>, 958 F.2d 889 (9th Cir. 1992) and <u>Determan v. Sandoval (In re Sandoval)</u>, 186 B.R. 490, 496 (9th Cir. BAP 1995), the Bankruptcy Appellate Panel has no authority to grant or deny in forma

pauperis motions under 28 U.S.C. § 1915(a) because bankruptcy courts are not "court[s] of the United States" as defined in 28 U.S.C. § 451.

Therefore, appellants' IFP Motion is hereby TRANSFERRED to the United States District Court for the Eastern District of California for the limited purpose of ruling on the IFP Motion.

It is appellants' responsibility to take all necessary steps to have the IFP Motion considered by the district court within a reasonable period of time.

No later than **Wednesday, July 29, 2015**, appellants must file with the Panel and serve on opposing counsel a written response which includes as an exhibit a copy of the district court's order on the IFP Motion or an explanation of the steps appellants have taken to have the IFP Motion considered by the district court. For the convenience of the district court, copies of the notice of appeal, the IFP Motion, and the order on appeal are attached to this order.

Appellants must file the opening brief and excerpts of the record (including all necessary transcripts[1]) no later than

---

[1] The designation of record filed by appellants indicates that no transcripts are requested or required for this appeal. Bankruptcy Court Docket at 44. (Designation of Record).  However, the bankruptcy court docket indicates that hearings were held with respect to the order on appeal on November 24, 2015 and March 20, 2015.  Bankruptcy Court Docket at 20 and 32 (Civil Minutes).  If appellants do not provide the transcripts of all relevant hearings, the Panel is entitled to assume that appellants do not believe there is anything in the transcripts that will help appellants' appeal and may dismiss the appeal or summarily affirm the order on appeal.  State of California v. Yun (In re Yun), 476 B.R. 243 (9th Cir. BAP 2012).

TWENTY-ONE days after entry of an order by the district court regarding appellants' IFP motion.

Failure to comply with the requirements of this order may result in dismissal of this appeal for lack of prosecution without further notice to the parties.  9th Cir. BAP R. 8018(a)-2.